Good morning, and if you may please the court, on behalf of the Trong family, Gurish Surin. Good morning, counsel. This is the second time the Trongs are appearing before the Ninth Circuit. They've been in this country for over 18 years. They fled Italy. The first Ninth Circuit, in a non-published decision, felt the facts, which are undisputed in this case, established they faced persecution in Italy. This matter was then remanded back to the immigration judge. And I don't want to misquote the immigration judge. The immigration judge specifically found in 2004, and it's stated in the transcript, that my clients suffered past persecution in Italy, suffered a well-founded fear in Italy. However, and the reason why we are here before this court, he misunderstood the law and asked us to provide proof that the Italian government does not protect my clients from communist insurgents in Italy. Counsel, excuse me, you argue that the previous panel found past persecution. But the prior opinion, and I quote, is appropriate for the BIA to make the initial eligibility determination. What do you think the court meant by initial eligibility determination? That based on the facts, they should send it back to the trier of fact, who heard this matter, to make a determination, because the first trier of fact had determined my clients had established asylum through Vietnam and not Italy, to make a factual finding based on the undisputed facts or testimony, and to allow the parties to supplement the record with government and objective documents to prove that case. The question was, was he to determine whether or not there was past persecution, or to give the government the opportunity to rebut the presumption? Both. Both. The trier of fact had to make a determination that there was past persecution faced by my clients in Italy, and whether since my clients had fled Italy by 2004, which was about 14 years, whether the country conditions had materially changed, and they could return back to Italy. Were you the lawyer below? I was the lawyer below. Before the immigration judge. In 2004, not in 1995. Because it seemed to me the immigration judge practically begged the lawyer to put on evidence of past persecution, but the lawyer insisted that our panel had said that there was. The BIA evidently, in its order, so interpreted it. And I just wondered why there was resistance to putting on evidence of past persecution. Was it because the BIA, when it sat it down, sort of assumed that we had found past persecution? There was no assumption, Your Honor. If I may quote the transcript on page 00169, these are the words of the immigration judge. And the immigration judge says, I agree there's past persecution. On the next page he says, I find past persecution as well. He made a finding on the undisputed facts. He, as a trier of fact, stated, not on my word, on anybody else's word, but as a trier of fact, he found past persecution. And, sir, what page are you talking about? It's page 00169, page 95 of the transcript of May 26th. 169, okay. And on 170, the judge once again says, I agree they have a well-founded fear of persecution. He made a finding. There's no ambiguity in his finding. It's a specific finding by the immigration judge. Once the immigration judge has stated that he has made a finding on the undisputed facts of past persecution, as well as a well-founded fear of future persecution, and that the conditions have changed, in fact, for the worse for my clients, there was nothing I could present before him. I would like to keep the balance of my time for rebuttal. Counsel has provided a case and complied with the law. However, that case is an Iranian case dealing with a refugee in Germany, and it's absolutely not based on the same facts of the holding of our case. That case concerns a well-founded fear of future persecution of Iranians who converted to Christianity in Iran, and they don't deal with communists selecting my clients, shooting at my clients, and the police refusing to protect my clients in Italy. My clients have established past persecution in Italy. Nanavani did not establish that. And in a split decision, the Ninth Circuit, in that decision that is stated by counsel, stated- I have a question, though. Yes, Your Honor. When you refer to the immigration judge's findings of past persecution, is it clear exactly what he meant by that? That is, as I understand the problem in the case is that there may have been past persecution, but is it clear that either that it was done by the government or that the government was incapable or unwilling to stop it? That seems to me to be the critical question, and you seem to me to be relying on the fact that he said and found there had been past persecution. My question to you is, did he find anything more than that there had been persecution without regard to the responsibility for it? Your Honor, he assumed the facts assumed and accepted by the Ninth Circuit Court of Panel, which stated unequivocally in its factual rendition in 2003 that my clients were selected for persecution in Italy by the Italian communists, and my client refused and he was shot at twice and received threatening phone calls to kill him. Those facts are the undisputed facts of this case. But those facts that you referred to do not relate to who was responsible, to relate what the government's responsibility was. The government's responsibility was, once my client filed a police report, was to investigate it. My client stated on the record there was no investigation by the Italian police. How does your client know whether the police investigated? Because they never followed up, they never brought him back to the court, they never ever arrested anybody, and then he got shot at again. And that's when he fled Italy, Your Honor. Those are the facts assumed by Judge Fletcher, by Judge Schroeder at the first Ninth Circuit panel, and those are the same facts that the immigration judge accepted as well. If I may keep the balance of my time for rebuttal. Is there such a thing as persecution by a non-governmental agency or not by the government or not by... Well, I guess it's... Can you be persecuted by just an individual or by a group of people? Yes, Your Honor. That is persecution. This case law established since the 1980s as well as... So you agree that the issue that you have to establish is that the Italian government was unwilling or unable to do anything about the persecution. Or refused to. Or refused to. That's correct. And you say the record compels that result. It does because you can... If you go again on page 98, that's why we're before you. It's 00172. The judge is saying he wants me to show evidence and bring in an Italian official to show that they won't protect my client. I don't think once past persecution is established or well found a future persecution is established, I need to prove anything else. I believe the government has to prove. Why do you need to show that the government is unable or unwilling to do anything about the persecution? Once past persecution is established that the government hasn't done anything to protect my clients... But you said first that you can have past persecution and then you have to show that the government has been unwilling or unable to do anything about that persecution. I'm including that in past persecution. By that I'm defining that as part of past persecution, being that the Italian communists are able to persecute my clients in Italy with the acquiescence or the government turning a blind eye. That's how I define past persecution. That's what I was trying to find out. I would still like to keep some time for rebuttal. Thank you. May it please the court. My name is Jennifer Lightbody and I represent the respondent, the Attorney General. The court should deny the petition for review in this case because the record does not compel a finding that petitioner established past persecution or a well-founded fear of future persecution because he failed to show that the incidents that he experienced were by forces that the government in Italy is unwilling or unable to control. So if he didn't show that the government was unable or unwilling to control it, then you're saying he didn't establish persecution. That's correct, Your Honor. But didn't the immigration judge say he did establish persecution? I don't think that's what the immigration judge had indicated and I think it was clarified by the board. I think initially what the immigration judge was doing was going through the Ninth Circuit's decision and addressing the different points that the Ninth Circuit had raised in its unpublished decision. Well, he certainly said that there was persecution established. Well, I don't think when you look at page 67 and 68, it is really of the IJ's decision. That's really where he explains that he doesn't think that it's persecution because of the unwilling, unable-to-control aspect of it. And so while he is sympathetic to the Trumps... Well, not sympathetic. He's either confused or you're in disagreement with him. He did say that he had established persecution and you seem to be agreeing with opposing counsel. You can't establish persecution unless you've shown that the Italian government is unable or unwilling. I agree. There are three aspects. He has to show persecution, it has to be on account of, and it either has to be by the government or forces that the government is unwilling or unable to control. And here he admitted that it wasn't the Italian government. So it's really we're talking about forces that they're unwilling or unable to control. Persecution doesn't include within the term the fact that the Italian government is unwilling or unable to control. In the statutory definition, but this court has recognized, as has the board, that one of the aspects to attaining refugee status is that the persecution... We're trying to find out what the term means. Does the term, when the immigration judge finds that he has been the victim of persecution, does that include the showing that either that the government's doing it or somebody else that the government can't control? I believe that's all included in the definition of what persecution. It's an extreme concept. It is of harm. Are you perhaps saying, I'm not sure of this, that to the extent the immigration judge was purporting to make a finding of persecution as traditionally defined, he was applying the wrong standard because there's nothing in the record to show either that the Italian government was doing it or was unwilling or unable to stop it? Is that your argument? My argument is that the immigration judge did, and certainly the board, clarified that the immigration judge did apply the correct standard. I'm not clear about this. What do you say to Judge Reinhart's point that the immigration judge found that there had been past persecution, and that such past persecution as a matter of law necessarily includes all of those elements? It does. We're talking, there are the incidents themselves, the shootings or the beating, whichever part of, whether you're looking at his application or his testimony, but the incidents that occurred in 1991 and that those are on account of a protected ground, and that is his opposition to the communist ideas. So that's part of the persecution definition. But implicit in that, as this court has found and as the board has found, that that harm isn't just a random act of violence by a criminal, for example, that it's by the government or forces that the government is unwilling or unable to control. And so while the INA doesn't specifically define that, it's defined by this court and certainly by the board. And it has been a longstanding rule that it can't just be a victim of violence, that that harm has to be by the government or the forces that the government is unwilling or unable to control. If a police in this case had refused to investigate it, would he complain, the police said, go away, we have more important things to do. Would that be enough? That could be enough if the agency determined that, if those were the facts of the case and that was before the agency. All we know here is that the police, we don't know whether he says the police didn't investigate it, but I don't know how he knows this. And it's clear the police didn't do anything and they may not have done anything because they couldn't find out who was responsible for these offenses. That's correct, Your Honor. And in fact, I would point out in the record that when he was asked, who shot you? Or in his asylum application, he said he was actually beaten in February. But assuming that he's credible and assuming that he was actually shot, when he was asked who shot him, he said, I don't really know what the cause were. I believe it's the Italian communists or the Vietnamese communists. So he doesn't really know and we have to accept his testimony as being true. And so he did report at least, well, he reported the incidents to the police as his wife reported the telephone conversations to the police. We know that they investigated it. And when they asked him, you know, what did the police say after the investigation, he said the police said nothing. I don't know anything. So he doesn't really know. But what if it was established that they were unable to control this, that he had twice they shot at him, his wife got a lot of phone calls, they were all reported and nothing, they weren't able to do anything about it. That's right. But the police are not the guarantors of the petitioner's safety. They're not. They're not guarantors, but if they can't control it, that's one of the tests. Well, there's a difference between controlling and completely preventing something from happening. They did investigate it, but the evidence. He wasn't killed. Well, the fact of the matter is that he gave them very little information about who these individuals were. And so if you look at his asylum application, what he said at page 493 was, first of all, with the first incident where he said he was beaten, but then he later says it was actually a shooting, he doesn't identify who did this to him. In the second incident that occurred in March, he says he was driving by and someone looked like they were asking for a ride, and it was someone of Vietnamese descent, who then he saw a revolver in their hand. Now, presumably that's what he told the police about the incident, but that's a pretty vague description. And perhaps the police, I mean, the evidence shows that the police did investigate. He said they investigated, but the fact that they couldn't actually find the perpetrator doesn't mean they're unable to control them. They're just unable to resolve the crime. They certainly, when he reported it, they certainly took efforts to investigate. And that distinguishes his case from other cases where the police either told them not to bother filing reports, or they simply said we don't. That's unwilling to control them. There are two things, unwilling or unable. That's correct. Or where they perhaps don't have the financial resources and therefore are unable to stop the perpetrators. Or in other cases where they simply said, you know, we're not going to be able to help you. Or where the board has said where the police just simply take a report. Here we have an investigation that the police had done. They were just simply unable to conclude or he said there was an investigation. And in his testimony, at approximately page 110 of the record, he was asked, he was relaying the incident, and he said that he reported to the, or he made a report to the police and the police said they would investigate it. And so then he was asked, well, after the investigation, what did the police say? And the police said nothing. I don't know anything. That was his testimony. He didn't know what they did. He didn't know. After the investigation is something that the questioner assumed. Well, it's his burden to show that the record compels a contrary conclusion. And I submit to the court that he hasn't shown that it's. All I said is we don't know whether there was an investigation. Well, he does. He says that they said they would investigate. Well, they would investigate doesn't mean there was an investigation. Well, but it's his burden to show that the police didn't do anything, that they're unwilling or unable to help him. And he hasn't, that's not what his evidence shows. But after the statement, they said they will investigate it. And the question, after they investigated it, did they ever say anything else to you? No. They didn't say nothing. I don't know anything now. And then it went on to the second part. So they never reported back is basically what you're saying. But they said they would investigate. But there's something in the record to show that they did. Is that correct? He did not indicate in the record that there was something, that the police reported back to him about an investigation. No, that's not. But he indicated that they said they would investigate. So, you know, I just have an extraneous question. But assuming we were to agree with you, and I'm not saying that we will, but the record strongly suggests that the Truongs can't return to Italy and the family won withholding of deportation to Vietnam below. Is this the kind of case, they've been here almost two decades, that you would consider mediating this case and finding a happy solution? Your Honor, I don't have any authority to mediate this case. No. Would it be your inclination to mediate this case is what I'm asking you.  Well, it might not be yours, but maybe the government will be willing to. What are you going to do with them if they can't go to Italy and they can't go to Vietnam? Well, it would be up to DHS to find a country to remove them to. To Iraq or Iran? I don't know where DHS would, whatever country would be willing. Aren't we having enough trouble trying to find other countries to take people we don't know what to do with? But that's not your decision, just like mediation. Okay, well, it'll be interesting to see what the government decides to do with people. Do you know anything about the citizenship of either one or two children who were born in Italy but don't have any Italian citizenship? I don't know. I assume that they are citizens of Vietnam, but that's an assumption on my part. They may not be citizens of anything. They were born in Italy. I don't know any more than you do about what the citizenship laws of Vietnam are. And I'm sorry, I don't have the answer to that either, Your Honor. It's not a happy case for the government, I think, maybe on reflection. They would decide after 20 years they have better things to do. But that's not your decision either, I know. Thank you. Thank you. Your Honor, to just clarify one part. In transcript 00128, when asked by government counsel, my client specifically stated he was shot at by the Italian communists. He knew who shot at him. And when he asked the police to provide him protection in Italy, both times they provided him no protection. Thank you. Thank you, counsel. Case just ordered will be submitted.
judges: Friedman, Nelson D. W., Reinhardt